UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER DESHAWN MCGINNIS,

        Petitioner,

  v.

CHRISTOPHER STEVENS,

        Respondent.

Case No. 24-cv-1312-pp

---

**ORDER DISMISSING CASE AS DUPLICATIVE**

---

On October 15, 2024, the petitioner—representing himself—filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2016 conviction for first degree intentional homicide, first degree recklessly endangering safety and possession of a firearm by a felon. This is the second *habeas* petition the petitioner has filed in this district challenging this conviction. See McGinnis v. Radtke, Case No. 19-cv-948-LA (E.D. Wis.) (filed June 28, 2019). Because this petition is duplicative, the court will dismiss it and allow the petitioner to proceed with his earlier-filed case.

**I.    Background**

The petition refers to Wisconsin v. McGinnis, Milwaukee County Case No. 2015CF921 (available at https://wcca.wicourts.gov/). After a six-day trial, a jury found the petitioner guilty of first-degree intentional homicide, possession of a firearm by a felon and first degree recklessly endangering safety. Id. The court sentenced the petitioner to life in prison with eligibility for extended supervision after twenty-seven years. Id. The court entered the judgment of conviction on February 5, 2016. Id.

1

On December 9, 2016, the petitioner filed a motion for postconviction relief under Wis. Stat. §809.30, which the state trial court denied. Id. The petitioner appealed both his conviction and the denial of his postconviction motion. Id. The Wisconsin Court of Appeals affirmed both, and on June 13, 2019, the Wisconsin Supreme Court denied the petitioner's petition for review. Id.

Shortly afterward, on June 28, 2019, the petitioner filed a federal petition for writ of *habeas corpus*. McGinnis, Case No. 19-cv-948. Judge Adelman screened the petition and ordered the respondent to file a responsive pleading. Id., Dkt. No. 5. The petitioner requested a stay and abeyance of that petition because he had not exhausted all the grounds for relief stated in the petition. Id., Dkt. No. 6. On September 17, 2019 Judge Adelman granted that motion and administratively closed the case. Id., Dkt. No. 9.

On October 18, 2019, the petitioner, again representing himself, filed in state court a motion for postconviction relief seeking a new trial under Wis. Stat. §974.06. McGinnis, Case No. 2015CF921. The circuit court denied that motion. Id. The court of appeals summarily affirmed the order and denied the petitioner's motion for reconsideration. Id. The petitioner filed a petition for review, which the Wisconsin Supreme Court denied on August 11, 2021. Id. On January 4, 2023, the petitioner filed a second §974.06 motion for postconviction relief, which the circuit court denied. Id. The court of appeals affirmed, and the Wisconsin Supreme Court denied the petitioner's petition for review on October 7, 2024. Id. The petitioner then filed this second *habeas* petition on October 15, 2024. Dkt. No. 1.

## II. Discussion

In general, a petitioner may file only one *habeas* petition challenging a single conviction or sentence. Section 2244 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b)(1). The phrase "'second or successive' must be interpreted with respect to the judgment challenged." Magwood v. Patterson, 561 U.S. 320, 333 (2010). In other words, if a petitioner's second petition challenges the same state court judgment that the petitioner challenged in his first petition, the second qualifies as a "second or successive" petition.

There are two narrow exceptions that allow district courts to consider claims brought in second and successive petitions, if a petitioner can meet the requirements. But before a petitioner may attempt to seek relief in a second or successive petition under those exceptions, "the [petitioner] shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). Only the federal court of appeals "may authorize the commencement of a second or successive petition." Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). The district court has no choice; it "must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Id. (emphasis in original).

The petitioner's first *habeas* case currently is stayed and Judge Adelman has not yet ruled on the merits of that first petition, so this later-filed case technically is not a "second or successive petition." But the Seventh Circuit has stated that allowing two petitions challenging the same conviction to proceed in

3

parallel may constitute "an abuse of the writ" for the same reasons second or successive petitions are prohibited. Turner v. Farley, 53 F.3d 333 (7th Cir. 1995) (quoting Higgason v. Clark, 984 F.2d 203, 204 (7th Cir. 1993) ("channeling all arguments into a single collateral attack is the principal role of the doctrine treating successive petitions as abuses of the writs.")). Although the petitioner raises different grounds for relief in his two petitions, both petitions challenge the same conviction and seek the same relief.

Because this petition is duplicative, the court will dismiss it and allow the petitioner to proceed with his earlier-filed case. If he wishes to do so, the petitioner may ask Judge Adelman for permission to add claims to the petition in that case.

### III. Conclusion

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** as duplicative of Case No. 19-cv-948. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of May, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**