UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER DESHAWN MCGINNIS,

        Petitioner,

  v.                                            Case No. 24-cv-1312-pp

CHRISTOPHER STEVENS,

        Respondent.

**ORDER DENYING PETITONER'S MOTION FOR RECONSIDERATION (DKT. NO. 11) AND DECLINING TO RULE ON MOTION TO CONSOLIDATE (DKT. NO. 11)**

On May 30, 2025, the court dismissed the petitioner's 28 U.S.C. §2254 petition for a writ of *habeas corpus* as duplicative because the petitioner had a petition pending before Judge Lynn Adelman challenging the same underlying conviction. Dkt. No. 8 (citing McGinnis v. Radtke, Case No. 19-cv-948-LA (E.D. Wis.) (filed June 28, 2019)). The court explained that, if he wished, the petitioner could ask Judge Adelman for permission to add his new claims to that case. Id. at 4. The court entered judgment on May 30, 2025. Dkt. No. 9. On September 2, 2025, the court received from the petitioner an unsigned combined motion to consolidate this case with Case No. 19-cv-948 and a motion for reconsideration. Dkt. No. 10. Two days later, the court received from the petitioner a signed copy of the same combined motion. Dkt. No. 11.

To the extent that the petitioner is asking the court to reconsider its order dismissing his case, the court will deny the motion. The court construes

1

the motion to reconsider as being filed under Federal Rule of Civil Procedure 60(b) rather than Rule 59(e) because the motion was filed more than twenty-eight days after judgment was entered. Rule 60 allows a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud;
> (4) a void judgment;
> (5) the judgment has been satisfied, released, discharged, vacated or cannot be applied prospectively for equitable reasons; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The petitioner argues nothing more than that he didn't know that a law library clerk filed the first case or that it was stayed so that he could exhaust his state court remedies. Dkt. No. 11 at 2. He insists that he is actually innocent, but simultaneously asks Judge Adelman to "please allow Petitioner McGinnis, to ADD these CLAIMS to the petition of 19-cv-948; and please reconsidered the judgment that was made on May 30, 2025." Id. at 3.

The court explained to the petitioner that two parallel petitions challenging the same conviction may constitute an "abuse of writ" for the same reason that second or successive petitions are not allowed. Dkt. No. 8 at 4 (citing Turner v. Farley, 53 F.3d 333 (7th Cir. 1995) ("channeling all arguments into a single collateral attack is the principal role of the doctrine treating successive petitions as abuses of the writs.")). In the case before Judge Adelman, there is a pending motion asking Judge Adelman to lift the stay

2

following the petitioner's return from the state court, as well as a motion to dismiss because the claims are not cognizable or have been procedurally defaulted. Case No. 19-cv-948, Dkt. No. 12. The petitioner has responded to that motion, id., dkt. no. 14, and has asked Judge Adelman to consolidate that case with the claims raised in this case, id., dkt. nos. 16, 17. In this case—Case No. 24-cv-1312—there is no mistake, newly discovered evidence, fraud, void judgment or any other circumstance that warrants reconsideration under Fed. R. Civ. P. 60(b). The court will deny the petitioner's motion for reconsideration.

Because Judge Adelman has been assigned the case with the lower case number, he will be the one to decide how to proceed with the petition challenging the petitioner's 2016 judgment of conviction. See Civil Local Rule 3(b) (E.D. Wis.). This court will not rule on the petitioner's motion to consolidate the two cases.

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 11.

The court **DECLINES** to rule on the petitioner's motion to consolidate cases. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 17th day of December, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**